IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-60073-RAR

AHC VENTURES, Inc.,

    Plaintiff,

v.

IZAK ABRAHAM COETZEE
et al

    Defendant.

_____/



FILED BY _____ D.C.

JAN 24 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## **DEFENDANT ISRAEL LIBEROW'S MOTION TO DISMISS**

Defendant Israel Liberow pursuant to F.R.C.P. 12 (b)(2), and 12(b)(6) and 12(b)(7) hereby moves to dismiss this action, and as grounds states as follows:

### **BACKGROUND**

Plaintiff's Fourth Amended Complaint (the "FAC") purportedly alleges a cause of action for "fraud in the inducement" against defendant Izak Abraham Coetzee, (Count I of the FAC [ECF 1-1 pages 5-9, ¶¶ 1-23 of the FAC]) and lists a cause of action for "conspiracy to commit fraud in the inducement" against all the other defendants. (Counts II through XIV [ECF 1-1 pages 9-19, ¶¶ 24-81 of the FAC]).

Notably, the Plaintiff has had four bites at the apple, yet on its fourth bite, Plaintiff was still unable to draft a complaint which states a viable cause of action.

## **SUMMARY OF ARGUMENT**

For three separate and independent reasons the FAC must be dismissed as against Defendant Liberow.

First, the FAC fails to establish personal jurisdiction because on its face it states that Liberow is a resident of New York and then continues to make vague and conclusory statements that are copy pasted verbatim (only changing party names) throughout the FAC. Neither Florida's long-arm statute, nor due-process's minimum-contacts test are satisfied by the allegations stated in the FAC.

Second, the FAC must be dismissed because it fails to state a claim upon which relief can be granted. To wit, because the factual allegations state no unlawful behavior, the allegations in the FAC make out no claim for relief against any party, let alone Liberow. Furthermore, pursuant to case law, a claim for civil conspiracy must be supported by the heightened 9(b) standard. Yet, the FAC does not even state a claim that satisfies the ordinary notice-pleading standard.

Third, because a claim for civil conspiracy must be predicated upon an underlying tort, and defendant Coetzee, who has not appeared in this action is the only defendant against whom Plaintiff states a non-conspiracy claim, the action must be dismissed. Even presuming that the alleged fraud is considered a tort and not a breach of contract, the underlying tort must be established, and the purported fraud—which was not actually litigated—cannot simply be presumed as against a different party, namely, defendant Liberow. Because of this, Coetzee, is a required, if not indispensable, party. Therefore, absent Coetzee, this action must be dismissed, as there is not even any theoretical circumstance under which judgment can be given to Plaintiff against Liberow.

## ARGUMENT

### I. THE COMPLAINT TAKEN AS TRUE DOES NOT SATISFY FLORIDA'S LONG ARM STATUTE, OR DUE PROCESS, AND THEREFORE THE COURT LACKS JURISDICTION

No court in Florida has personal jurisdiction over Defendant Liberow for any causes of action arising out of the operative facts surrounding this action. Neither does Liberow elect to consent to it.

"To determine whether personal jurisdiction exists, a federal court sitting in diversity undertakes a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1289 (S.D. Fla. 2021)

Count VIII of the FAC is titled "Conspiracy to Commit Fraud in the Inducement Against Israel Liberow." It is the sole cause of action averred against Liberow, and is rather terse. It reads:

> **Count VIII – Conspiracy To Commit Fraud In The Inducement Against Israel Liberow**
>
> 53. Paragraphs 1-32 and 47-52 are incorporated herein by reference.
>
> 54. Defendant, Israel Liberow ("Liberow"), is an individual who works in the state of NY.
>
> 55. The Court has personal jurisdiction over Liberow because the fraudulent misrepresentations and acts complained of herein were made to Plaintiff at its location in Broward County, Florida, and took place in Broward County, Florida.
>
> 56. By exercising direct or indirect ownership or control of RSBY, Liberow caused RSBY, Samtastic and Barski to conspire to defraud Plaintiff in an unlawful manner and has, in his individual capacity, conspired to defraud Plaintiff, causing Plaintiff to sustain damages.
>
> WHEREFORE, Plaintiff, AHC VENTURES, CORP., d/b/a CRYODERM, respectfully requests that judgment be entered against Liberow, Samtastic and Barski for damages, interest, costs and such other relief as the court deems just and proper.

See *Fourth Amended Complaint*. Jurisdiction is purportedly established because "the fraudulent misrepresentations and acts complained of herein were made to Plaintiff at its location in" Florida. *Id.* But since no cause of action for fraud is alleged against Liberow, one can at most infer that these purported "misrepresentations" were made by Coetzee, if anyone, since Coetzee is the one against whom the fraud in the inducement allegations are incorporated by reference. But this does not establish a factual basis for conspiracy since it does not allege any

factual real words behavior, or action, by Liberow. It is not clear how an alleged misrepresentation by Coetzee, can establish any action against Liberow that would confer jurisdiction in Florida.

Paragraph 56 of the FAC essentially states vaguely and in conclusory fashion that Liberow conspired to commit fraud by exercising control over entities or people, who, in turn, are in other parts of the FAC, vaguely and conclusory alleged to have committed conspiracy to commit fraud. This just leaves the reader running from paragraph to paragraph. But no matter how far the reader runs, the factual basis for jurisdiction, as applied to Liberow, is nowhere to be found. There is no place in Florida's Long arm statute that grants any jurisdiction for this type of action under the facts alleged. *See Fla. Stat. 48.193*. Furthermore, there is nothing to suggest that Liberow put his hand into or near Florida such that he engaged in minimum contacts sufficient to make it fair and comply with traditional notions of fairness to haul him out to Florida to defend himself.

Moreover, the FAC does not allege that Liberow ever did business in Florida, that Liberow committed any wrong acts in Florida, that Liberow had a reasonable expectation of being hauled into court in Florida. Finally, the FAC is void of any allegation indicating that Liberow committed any acts that would give him a reasonable expectation of being hauled into court in Florida.

*See Defendant Liberow's Affidavit Concerning Jurisdictional Contact Attached Hereto as Exhibit "A."* The complaint should therefore be dismissed.

## II. THE BARE BONE COMPLAINT DOES NOT STATE A CAUSE OF ACTION AND MUST BE DISMISSED

The Court should first reach jurisdiction, but in the alternative, Defendant avers: The FAC purports to state a cause of action against one defendant Izak Abraham Coetzee for fraud in the inducement ("fraud") and against the other defendants, including undersigned, Israel Liberow, for conspiracy to commit fraud in the inducement ("Conspiracy").

"A claim for conspiracy to commit fraud requires the plaintiff to allege (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the act performed." *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1268 (S.D. Fla. 2021).

"Moreover, the Plaintiff must meet Rule 9(b)'s heightened pleading standard. *Id.* citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

And finally,

> The elements of a claim for fraudulent inducement are: " '(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment.'

*Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. Dist. Ct. App. 2012).

Also, Florida law does not "recognize[] an independent cause of action for civil conspiracy; rather, the plaintiff must allege an underlying illegal act or tort on

which conspiracy is based *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014)

In our case the Conspiracy action fails because the underlying action for fraud in the inducement fails as against defendant Coetzee. No agreement between Plaintiff and defendant Coetzee has been pled. Plaintiff, in its FAC, implies that it sold goods to Coetzee at a discounted price because it believed that those goods would be sold outside of the United States, or presumably in South Africa. Plaintiff further contends that those goods were later sold in the United States. What is missing from the complaint is any pleading of an agreement to not sell in the United States, or alternatively, to only sell in a specific geographic location outside the United States.

Paragraph 12 of the FAC simply conveys that Coetzee represented to Plaintiff that product that Coetzee was buying from Plaintiff was going to be sold in South Africa. Plaintiff's contention that those representations were "misrepresentations" are mere conclusions because Plaintiff does not indicate that there was an agreement to only sell in South Africa or to not sell in the United States.

Furthermore, Plaintiff does not provide a written contract, and since the produce was sold on Amazon and ordered and then examined by Plaintiff, we can presume with certainty that this product constituted goods, and not services or real estate. Therefore, these goods are subject to the statute of frauds, Fla. Stat. 672.201 rule, that contracts for goods of $500 or more must be in writing signed by the party against whom enforcement is sought, and since Plaintiff has not attached, nor alleged, the existence of a written contract, the case must be dismissed.

Furthermore, Plaintiff concludes that defendant Coetzee made misrepresentations, and committed fraud in the inducement, but defendant does not allege a mental state, and it cannot be presumed that defendant Coetzee "knew or should have known" that the Plaintiff was going to rely on these alleged misrepresentations.

It is also true that Plaintiff cannot pursue any claims against Defendant until it proves its case against the indispensable party, Izak Abraham Coetzee, who has, to date, not appeared. Therefore, this action should be dismissed.

Moreover, the FAC is rife with allegations against a party denominated as "DUTY FREE POSTAL EXCHANGE MARKETING (SOUTH AFRICA) CC T/A DFPX SA, Registration Number 19971046740123, is a limited liability close corporation registered and incorporated in terms of the laws of the Republic of South Africa" and (referred to throughout the FAC as "DFPX"). Notably, the first 23 paragraphs of the FAC allege how DFPX was an integral part of the alleged conspiracy. However, the Plaintiff filed a Notice of Voluntary dismissal as to DFPX, see, ([ECF 1-5, pages 42-44]).

At Count I of the FAC [ECF 1-1 pages 9, ¶ 23 of the FAC]) the Plaintiff admits that Despite engaging a South African Sheriff to serve process on DFPX and despite retaining a South African law firm to assist in locating DFPX for the purpose of service of process on DFPX, Plaintiff has been unable to serve DFPX. DFPX has intentionally avoided service of process and has secreted itself to avoid service of process. Accordingly, DFPX has been dropped as a party' to this lawsuit."

Rather than seeking alternative means such as the Hague Convention or court leave to serve DFPX via publication or other means, the Plaintiff merely discontinued against DFPX. The Plaintiff's failure to include DFPX, an indispensable party, is in itself, grounds for dismissal.

Lastly, Plaintiff, a sophisticated merchant selling at minimum hundreds of thousands in merchandise, did not justifiably rely on any purported representations, since it should have known that it ought to have had a written contract, especially when it desired terms that were in restraint of trade, and for goods way over $500.

### III. THE CASE MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT SATISFY THE PLEADING STANDARD TO STATE A CAUSE OF ACTION FOR CONSPIRACY

As stated above, in civil conspiracy actions alleging conspiracy to commit fraud "[t]he Plaintiff must meet Rule 9(b)'s heightened pleading standard. *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1268 (S.D. Fla. 2021). citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Here, the cause of action against Defendant Liberow simply concludes that Defendant committed conspiracy to commit fraud because he exercised control over entities, allegations that are also in conclusory fashion and Liberow is alleged to have conspired to commit fraud. It does not say what Liberow did. It does not say how he did it. It does not say when he did it. This last point is particularly important, since if Liberow's involvement with any person or entity related to this claim took place only after the purchase of the goods, there could be no conspiracy claim. Yet the FAC leaves the reader completely in the dark vis a vis any factual allegations.

Therefore, the Complaint should be dismissed as against Liberow, at minimum, and in the interests of justice, in its entirety since it fails to state a claim against any party.

Also, as one of the requirements for a conspiracy claim is an overt act in furtherance of the conspiracy, but the Complaint does not allege any over act, outside of the vague and conclusory "by controlling," or "combining" with others, etc.

Furthermore, "[a]ll well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *Valdez v. Trusted Dev. Grp., LLC*, No. 6:20-CV-2320-PGB-EJK, 2021 WL 7502548, at *1 (M.D. Fla. Dec. 7, 2021). Therefore, the claim should be dismissed in its entirety as against all defendants.

### IV. PLAINTIFF AND ITS ATTORNEYS SHOULD BE SANCTIONED AND THE MONEY DEPOSITED INTO A FUND TO HELP PRO BONO REPRESENTATION ORGANIZATIONS

Plaintiff and Plaintiff's attorneys, whom, according to the Florida Bar Directory have many years of experience have brought an utterly frivolous claim, perhaps even to extort the defendants in this case. They should have known of the frivolity of this action. Defendant Liberow is aware that he must serve sanctions motions to make any recovery, and that he cannot recover attorney fees since he is not a member of the bar. However, Defendant Liberow sees it as his duty to implore that this court sanction the Plaintiff who has put him at considerable distress in pursuing defense of this suit, and preventing the inevitable combat of a baseless default judgement. Having to fly from his home in New York, to Florida, only to file a notice of removal, and then having to

undertake all the actions and expenses to defend against what is obviously a baseless and frivolous suit. It behooves Defendant Liberow to inquire as to the state of the bar in Florida and see whether it is not necessary to place some checks lest this behavior become rampant and endemic. Therefore, Defendant Liberow humbly requests that this court take into consideration sanctioning Plaintiff and their attorneys and obligate them to place those funds in organizations that effectuate or promote pro bono legal activity.

WHEREFORE, Defendant respectfully requests that this Court dismiss the entirety of the Fourth Amended Complaint with prejudice, or in the alternative, dismiss as against undersigned Defendant Liberow, and to sanction Plaintiff for bringing this frivolous claim.

Dated: January 23, 2023

_____
Israel Liberow

1618 Union Street
Brooklyn, NY 11213
(917) 478-8899
israelliberow@gmail.com

*Israel Liberow, pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, a copy of the forgoing will be contemporaneously sent to Plaintiffs' attorneys, Allen M. Levine and Stefan L. Segall, by electronic mail at alevine@beckerlawyers.com and ssegal@beckerlawyers.com respectively, as well as by First Class Mail to the address below.

BECKER & POLIAKOFF, P.A.
*Counsels for Plaintiff*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: 954.985.4141
Facsimile: 954.985.4176
alevine@beckerlawyers.com
ssegal@beckerlawyers.com

Dated: January 23, 2023

_____
Israel Liberow

1618 Union Street
Brooklyn, NY 11213
(917) 478-8899
israelliberow@gmail.com

*Israel Liberow, pro se*