## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

AHC VENTURES, CORP.,
d/b/a CRYODERM, a Florida corporation,

CASE NO. 0:23-cv-60073-RAR

      Plaintiff,

vs.

IZAK ABRAHAM COETZEE, Identity No. 6204165162084, an adult businessman and Chief Executive Officer employed as such at Duty Free Postal Exchange Marketing (South Africa) CC, situated at 270 Erasmus Avenue, Raslouw AH, Centurion, Gauteng; SAMTASTIC, LLC.; SCHMUEL BARSKI; PEAR ENTERPRISES, LLC; MERCH, INC.; ELI ROTH; RSBY; ISRAEL LIBEROW; ROYAL SUPPLY COMPANY; MOSES BODEK, M&M DISCOUNTERS, INC.; MENDY LEVY; and DJ DIRECT, INC.,

      Defendants.
_____/

## **MOTION TO REMAND**

Plaintiff, AHC VENTURES, CORP., d/b/a CRYODERM, by and through undersigned counsel and pursuant to 28 U.S.C. 1446, moves to remand the instant matter to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and in support thereof, states as follows:

**FACTUAL & PROCEDURAL BACKGROUND**

On January 15, 2021, Plaintiff filed its initial Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The case concerns the Defendants fraudulently misrepresenting to Plaintiff that they were purchasing products from Plaintiff for distribution in Africa, thus causing Plaintiff to sell the products to Defendants at "export prices" rather than higher "distributor prices." As Plaintiff developed the facts of the case,

it amended its Complaint on several occasions: on January 29, 2021; May 28, 2021; and on October 26, 2022. On November 28, 2022, Plaintiff filed its Fourth Amended Complaint. In its Fourth Amended Complaint, Plaintiff asserted claims against, among others, Defendant Israel Liberow. Mr. Liberow was served with process and the Complaint on December 16, 2022. On January 17, 2023, approximately two years after the action was initiated, Defendant Liberow removed the matter to this Court.

## ARGUMENT

Where, as here, Defendant has sought removal of the case, this Court is directed to construe removal statutes strictly, with all doubts concerning jurisdiction resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

**A.  Defendant Liberow's Removal Is One Year Too Late.**

Based on Defendant Liberow's Notice, he has sought removal based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1446(c)(1), a case may not be removed based on diversity more than 1 year after commencement of the action.

The case of *Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446 at *1 (S.D. Fla. Apr. 21, 2010), is determinative of the instant Notice of Removal, and mandates remand. In *Lopez*, the plaintiff, approximately two years after filing his initial complaint, filed an amended complaint naming the removing defendant for the first time. 2010 WL 3584446 at *1. The defendant responded by filing a Notice of Removal to this Court. *Id.*

In remanding the matter back to state court, Judge Moore stated that for purposes of removal, the 1-year deadline is calculated as of the date when the plaintiff filed its initial complaint. *Id.* at *4. Even where, as here, the action included claims against multiple defendants, and amendment of pleadings brought in new claims against new, previously-uninvolved defendants,

the phrase "commencement of the action" in the removal statute means when the plaintiff first filed its complaint, not when it filed claims against any one defendant. *Id.* at *2-4.

Subsequent cases in this District have confirmed the *Lopez* holding. *See, e.g., La Forte v. Allstate Property & Cas. Ins. Co.*, No. 9:17-CV-80218-ROSENBERG/BRANNON, 2017 WL 5642469 at * 2 (S.D. Fla. Apr. 7, 2017) (notice of removal filed three years later on amended complaint barred by deadline in removal statute); *BankUnited v. Blum*, No. 14-81232-CIV, 2015 WL 328241 (S.D. Fla. Jan. 26, 2015) (remanding case four years after initial complaint was filed, holding that "no case may be removed on the basis of diversity…more than one year after the commencement of the action").

In this case, even though Plaintiff did not pursue a claim against Defendant Liberow until November 28, 2022, the initial action was commenced on the filing of the Complaint on January 15, 2021. Defendant Liberow did not file and serve his Notice of Removal until January 17, 2023, approximately one year after the removal statute permits. Based on controlling authority, it is indisputable Defendant Liberow's Notice of Removal fails for being untimely by one year. Accordingly, this Court should remand the matter back to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## CONCLUSION

Based on the foregoing points and authorities, Plaintiff, AHC VENTURES, CORP., d/b/a CRYODERM, respectfully requests that the Court grant the instant Motion, remand the instant case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and enter such other and further relief as this Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2023, I electronically filed the foregoing with

Case No. 0:23-cv-60073-RAR

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record identified on the attached Service List.

> BECKER & POLIAKOFF, P.A.
> ***Counsel for Plaintiff***
> 1 East Broward Blvd., Suite 1800
> Ft. Lauderdale, FL  33301
> Telephone:  954.985.4141
> Facsimile:  954.985.4176
> Primary Email: alevine@beckerlawyers.com
> Secondary Email: ecuellar@beckerlawyers.com
> Primary Email: jcooper@beckerlawyers.com
> Secondary Email: ecuellar@beckerlawyers.com
>
>
> By:  __/s/ Allen M. Levine_____
> Allen M Levine, Esq.
> Florida Bar No. 315419
> Jude C. Cooper, Esq.
> Florida Bar No. 366160

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

Case No. 0:23-cv-60073-RAR

## SERVICE LIST

Israel Liberow
1618 Union Street
Brooklyn, NY  11213
Tel: (917) 478-8899
Email: israelliberow@gmail.com
*Defendant (pro se)*