UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AHC VENTURES, CORP.,
d/b/a CRYODERM, a Florida corporation,

    Plaintiff,

vs.

IZAK ABRAHAM COETZEE, Identity
No. 6204165162084, an adult businessman
and Chief Executive Officer employed as
such at Duty Free Postal Exchange Marketing
(South Africa) CC, situated at 270 Erasmus
Avenue, Raslouw AH, Centurion, Gauteng;
SAMTASTIC, LLC.; SCHMUEL BARSKI;
PEAR ENTERPRISES, LLC; MERCH, INC.;
ELI ROTH; RSBY; ISRAEL LIBEROW;
ROYAL SUPPLY COMPANY; MOSES
BODEK, M&M DISCOUNTERS, INC.;
MENDY LEVY; and DJ DIRECT, INC.,

    Defendants.
_____/

CASE NO. 0:23-cv-60073-RAR

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff, AHC VENTURES, CORP., d/b/a CRYODERM, by and through undersigned counsel, hereby submits this Memorandum in Opposition to the Motion to Dismiss filed by Defendant Israel Liberow, and states as follows:

### FACTUAL & PROCEDURAL BACKGROUND

The case concerns misrepresentations made by the defendants to Plaintiff regarding certain goods. Specifically, the defendants, in email and telephone communications to Plaintiff in Florida, falsely represented that the products it was purchasing were for distribution in Africa; as a result, Plaintiff sold the products at "export pricing," rather than "distribution pricing." Cplt., at ¶¶ 11-15. On receipt of the goods, the defendants sold them in the United States at artificially reduced prices. *Id.* at ¶ 13. Plaintiff sustained damages both from the difference in pricing it would have

charged but for the fraudulent misrepresentations, and as a result of Plaintiff's authorized resellers who lost revenue because they could not match the prices the defendants fraudulently charged. *Id.* at ¶¶ 14-19; 22.

On January 15, 2021, Plaintiff filed its initial Complaint against a company called DFPX SA CC; the Complaint was filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Two weeks later, Plaintiff, as a matter of right, amended its initial Complaint on January 29, 2021 to include Izak A. Coeztee, the principal of DFPX SA CC, and additional "John Doe" defendants. On May 26, 2021, following further investigation, Plaintiff determined the company name for DFPX SA CC was Duty Free Postal Exchange Marketing (South Africa) CC, situated at 270 Erasmus Avenue, Raslouw AH, Centurion, Gauteng, and it filed a Second Amended Complaint memorializing the change. On October 15, 2021, the Clerk of Court entered default against defendant Izak A. Coetzee.

On October 26, 2022, following the completion of certain third-party discovery, Plaintiff determined Mr. Coetzee and his company acted in concert with several additional corporate and individual defendants in the United States to perpetrate the fraudulent conduct. Accordingly, Plaintiff filed its Third Amended Complaint to include a count for civil conspiracy, and included additional defendants, including Defendant Liberow. Nine days later, on November 4, 2022, Plaintiff sought amendment to add an additional individual defendant: Moses Bodek. On November 28, 2022, Plaintiff filed its Fourth Amended Complaint.

The defendant Liberow is alleged to be a principal of a company called RSBY. Cplt., ¶ 56. In its Complaint, Plaintiff alleges RSBY: 1) directed, organized, combined and planned with individuals and companies to make the fraudulent misrepresentations alleged against Coetzee; and 2) once the fraudulently-obtained goods were shipped to a transportation logistics company

warehouse in Medley, Florida, combined and planned with the other defendants to direct the third-party company to release the goods to RSBY and others, which then, contrary to the previous representations, sold them to United States internet resellers. *Id.* at ¶¶ 51-52. As to the allegations against Defendant Liberow, Plaintiff incorporated into Count VIII of the Complaint both the facts of the fraudulent scheme and the allegations against RSBY, and further alleged that Defendant Liberow is individually liable as a result of "exercising direct or indirect ownership of RSBY," and as a result of causing RSBY to conspire to defraud Plaintiff. *Id.* at ¶¶ 53; 56.

On January 17, 2023, Defendant Liberow removed the case to this Court. On January 24, 2023, Defendant Liberow filed a Motion to Dismiss the Fourth Amended Complaint [ECF 4.] On January 25, 2023, Plaintiff filed its Motion to Remand the instant case back to state court [ECF 8.]

**ARGUMENT**

As an initial matter, the record confirms Plaintiff's first response to Defendant Liberow's removal of the case was to timely file a Motion to Remand. *See King v. Marriott Int'l, Inc.*, 337 F.3d 421 (4th Cir. 2003) (a timely-filed Motion to Remand renders the waiver doctrine inapplicable). Plaintiff's Motion remains pending [ECF 8.] Nevertheless, under Local Rule 7.1(c)(1), Plaintiff is required to respond to Defendant Liberow's Motion to Dismiss by no later than February 7, 2023. Consequently, Plaintiff's subsequent prosecution of this case in this Court has been and will be only pursuant to the Orders and Rules of the Court, and does not constitute affirmative conduct or unequivocal assent of the type that might give rise to the question of whether Plaintiff has waived its right to remand. Accordingly, by submitting a response to Defendant Liberow's Motion to Dismiss, Plaintiff has not waived, and does not waive the relief requested in its pending Motion to Remand.

Subject to and without waiving the foregoing, Defendant Liberow's Motion to Dismiss is based in part on Federal Rule 12(b)(6). To survive a motion to dismiss brought under this basis, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's claim is plausible on its face where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court is to view the Complaint in the light most favorable to Plaintiff, and must resolve any doubts regarding the sufficiency of the Complaint in Plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### A. Defendant Liberow Is Subject to Personal Jurisdiction in Florida.

#### 1. Compliance with the Long-Arm Statute

When considering whether Defendant Liberow is subject to personal jurisdiction in Florida for the acts alleged in the Complaint, this Court undertakes a two-step analysis. *AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). The Court must determine whether Florida's long-arm statute confers jurisdiction, and then determines whether the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment. *Id.*

Florida's long-arm statute permits a Florida court to assert jurisdiction over any person who "commit[s] a tortious act within this state." Fla. Stat. § 48.193(1)(b). The Eleventh Circuit has interpreted section 48.193 to confer jurisdiction over a nonresident defendant who commits a tort outside of the state that causes injury inside the state. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999). Further, the Florida Supreme Court has held that a nonresident may

commit a tortious act in Florida "through the nonresident defendant's telephone, electronic, or written communications into Florida." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

As it relates specifically to a claim of civil conspiracy, Florida's long-arm statute reaches all of the alleged participants in a civil conspiracy if at least one act in furtherance of which was committed in Florida. *See Machtinger v. Intertial Airline Svcs., Inc.*, 937 So. 2d 730, 734-36 (Fla. 3d DCA 2006). In this way, Florida courts may exercise personal jurisdiction over parties to a Florida civil conspiracy even if the alleged civil conspirator otherwise has no connection to the state. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1281-82 (11th Cir. 2009). Ultimately, "if a plaintiff has successfully alleged a cause of action for conspiracy among the defendants to commit tortious acts toward the plaintiff, and if the plaintiff has successfully alleged that any member of that conspiracy committed tortious acts in Florida in furtherance of that conspiracy, then all of the conspirators are subject to the jurisdiction of Florida through its long-arm statute." *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012).

As alleged in the Complaint, the overt acts giving rise to the conspiracy consisted of: 1) emails and communications made to Plaintiff in Florida regarding purchase of the goods; 2) purchasing the goods at the fraudulent price by tendering funds to Florida; 3) having the goods transported from Plaintiff's possession to a third-party warehouse in Florida; and 4) taking possession of the goods in Florida, from which the defendants could then sell them nationwide at the reduced prices. Cplt., at ¶¶ 11-15. Each of the four acts discussed occurred in Florida, and with regard to the Defendant Liberow, his liability attached at either the time of purchase or the time the defendants took possession of the merchandise. At a minimum, at least some of the acts in furtherance of the conspiracy were carried out in Florida by at least some of the conspirators; therefore, Florida's long-arm statute reaches all participants in the conspiracy, including Defendant

Liberow, even if Defendant Liberow was not otherwise connected to Florida. *See Energy Source, Inc. v. Gleeko Properties, LLC*, No. 10-21162-CIV, 2011 WL 3236047 at *6 (S.D. Fla. Jul. 28, 2011). Accordingly, Plaintiff's Complaint satisfies the long-arm statute as it pertains to Defendant Liberow.

### 2. Plaintiff Has Established Federal Due Process Jurisdiction over Defendant Liberow.

In order for personal jurisdiction to be appropriate under the Fourteenth Amendment, once the Court has found Plaintiff has complied with the long-arm statute, the Court must inquire as to whether Defendant Liberow has sufficient minimum contacts with the State of Florida and whether the exercise of jurisdiction over Defendant Liberow would offend traditional notions of fair play and substantial justice. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 630-31 (11th Cir. 1996). The Eleventh Circuit has held that allegations of intentional torts satisfy the minimum contacts requirement and support the exercise of personal jurisdiction over a nonresident defendant, even when the defendant has no other contacts with the forum. *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008). More specifically, directing a conspiracy and tortious conduct toward Florida satisfies both the long-arm statute and due process concerns implicated in a minimum contacts analysis. *See Machtinger*, 937 So. 2d at 736.

In this case, Defendant Liberow's conduct as alleged in the Complaint of conspiring to communicate with Plaintiff in Florida to obtain goods in Florida at fraudulent prices, removing the goods from Plaintiff's warehouse, and then transporting them out of Florida in order to sell them nationwide establishes sufficient minimum contacts such that the Court should confer personal jurisdiction over him.

Where, as here, Plaintiff has established Defendant Liberow possesses minimum contacts with Florida, the Court must then assess the reasonableness of exercising personal jurisdiction by

considering the burden on Defendant Liberow; the forum's interest in adjudicating the dispute; Plaintiff's interest in obtaining convenient and effective relief; the judicial system's interest in obtaining the most efficient resolution; and the shared interest between states in furthering substantive social policies. *City Pension Fund for Firefighters & Police Officers in City of Miami Beach v. Aracruz Cellulose S.A.*, 41 F.Supp.3d 1369, 1404 (S.D. Fla. 2011).

Plaintiff has a substantial interest in obtaining convenient and effective relief by asserting all of its claims against Defendants in a single action; further, separating Defendant Liberow and potentially other defendants in an action in a separate district would create potential for inconsistent findings on liability and damages. *Accord Energy Source, Inc.*, 2011 WL 3236047 at \*7. In contrast, there is no particularly significant burden for Defendant Liberow, acting *per se* and submitting pleadings electronically, to litigate in Florida. *Accord AXA Equitable Life Ins. Co.*, 608 F.Supp.2d at 1355. Further, because Plaintiff is incorporated in Florida, Defendant Liberow's participation in a conspiracy aiming its tortious conduct in Florida allowed the Defendant to reasonably anticipate being haled into court in Florida, such that exercising personal jurisdiction over him would not offend due process. *Accord Czyzyk*, 95 So. 3d at 449. At the same time, a Florida plaintiff, injured by the intentional conduct of a nonresident aimed at Plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy. *Accord Licciardello*, 544 F.3d at 1288. Therefore, exercising jurisdiction over Defendant Liberow would not offend traditional notions of fair play and substantial justice. Accordingly, Plaintiff has established personal jurisdiction over Defendant Liberow.

In his Motion to Dismiss, and accompanying Affidavit, Defendant Liberow focuses on his alleged lack of contact with the State of Florida. He further contends the only attempted jurisdictional hook Plaintiff uses is in paragraphs 55 and 56 of the Complaint. As to the alleged

lack of contact, Defendant Liberow did not have to be present in Florida if the wrongful conduct was based on telephonic or electronic communications into Florida so long as the cause of action arises from those communications. *See Wendt*, 822 So. 2d at 1260. And as set forth above, if at least one act in furtherance of the conspiracy was committed in Florida, jurisdiction over Defendant Liberow is proper. *See AXA Equitable Life Ins. Co.*, 608 F.Supp.2d at 1353. Further, as set forth in the Complaint, the allegations asserted against Coetzee and RSBY are also asserted against Liberow individually; those allegations in combined with the allegations asserted against Liberow individually are sufficient to confer jurisdiction. Therefore, the Court should deny Defendant Liberow's Motion to Dismiss.

### B. Plaintiff Has Stated a Cause of Action Against Liberow for Conspiracy.

Under Florida law, to state a claim for civil conspiracy, Plaintiff must allege: 1) an agreement between two or more parties; 2) to do an unlawful act or to do a lawful act by unlawful means; 3) the doing of some overt act in pursuance of the conspiracy; and 4) damages to Plaintiff as a result of the acts done under the conspiracy. *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686, n. 9 (Fla. 2015). Plaintiff is not required to plead civil conspiracy with the specificity required under Federal Rule of Procedure 9(b). *See Primerica Fin. Svcs., Inc. v. Mitchell*, 48 F.Supp.2d 1363, 1369 (S.D. Fla. 1999). In fact, when one conspirator engages in tortious behavior, Plaintiff can then hold all other conspirators liable without alleging that they each proximately caused the harm. *See Beck v. Prupis*, 162 F.3d 1090, 1099, n. 18 (11th Cir. 1998). Therefore, Plaintiff may allege that each defendant (including Liberow) acted as part of the conspiracy agreed to commit fraud, and at least one defendant actually succeeded in doing so, but it is not required to be Defendant Liberow. *See Adventist Health System Sunbelt Healthcare Corp. v. Weiss*, No. 6:20-cv-877-Orl-40DCI, 2021 WL 1238321 at *3 (M.D. Fla. Feb. 22, 2021).

In the Complaint, Plaintiff alleges that Defendant Liberow, by directing RSBY, conspired with the other defendant to defraud Plaintiff by directing, organizing, combining with and planning with Coetzee, DFPX, Samtastic and Barski to make fraudulent misrepresentations to Plaintiff, and by, once the goods were delivered to the Medley, FL warehouse, combining with and planning with Coetzee, DFPX, Samtastic and Barski to direct the transportation logistics company to release the goods to RSBY and other entities which sold them to US internet resellers. Cplt. at ¶¶ 51; 53; 56. The "organizing, combing with and planning with" the other defendants alleges the agreement. The fraudulent misrepresentations are the unlawful act. The making of the fraudulent misrepresentations, along with acquiring, moving, and selling the goods at the fraudulent prices are some of the overt acts. And Plaintiff has alleged it sustained damages. Therefore, Plaintiff has stated a claim for civil conspiracy against Defendant Liberow.

In response, Defendant Liberow contends Plaintiff has not alleged an agreement between himself and the other defendants. Aside from the fact Plaintiff alleged Defendant Liberow organized, combined with, and planned with the other defendants to engage in wrongful conduct, the Southern District of Florida has previously stated that at the pleading stage of the litigation, Plaintiff need not "allege the terms of the agreement, when it was entered, what benefit [each Defendant] expected obtain from the conspiracy or other particularities. It is sufficient to plead, as Plaintiff has done, facts which raise a reasonable expectation that discovery will reveal evidence of agreement. *Id.* at *7 (*quoting Sonic Momentum B, L.P. v. Motorcars of Distinction, Inc.*, No. 11-80591-CIV, 2011 WL 4738190 at *5 (S.D. Fla. 2011)).

In addition, Defendant Liberow contends Plaintiff has not stated a cause of action for fraudulent inducement as against the defaulted defendant Coetzee. Under Florida law, to state a claim for fraudulent inducement, Plaintiff must allege a false statement of material fact, known to

CASE NO. 0:23-cv-60073-RAR
*Memorandum in Opposition to Motion to Dismiss Complaint*

be false by the maker, intended by the maker to induce Plaintiff's reliance, and actual justifiable reliance by Plaintiff on the false statement to its detriment. *Prieto v. Smook, Inc.*, 97 So.3d 916, 917 (Fla. 4th DCA 2012).

In this case, Plaintiff alleges in its Complaint the defendant Coetzee and his company emailed and telephoned Plaintiff at its location in Broward County to purchase products, and as part of those communications, Coetzee and his company intentionally misrepresented to Plaintiff that the products Defendants were buying were for distribution in Africa when they intended to sell the products in Africa. Cplt. at ¶¶ 11-13. In reliance on the misrepresentations, Plaintiff sold Defendants goods at the cheaper export price, rather than the appropriate distributor price, and Defendants proceeded to sell the goods in the United States rather than in Africa. *Id.* at ¶¶ 13-14. The difference alone between the price the goods should have been sold for and what they were sold for exceeds $600,000.00. *Id.* at ¶ 14. As alleged, Plaintiff has stated a cause of action for fraudulent inducement against the defaulted defendant Coetzee. Because the conspiracy to defraud is based on the same tort, Plaintiff has stated a cause of action against Defendant Liberow, who, as an individual alleged to have personally participated in the underlying fraud, may be sued in his individual capacity along with the company he directed. *See Weiss*, 2021 WL 1238321 at *7. Therefore, the Court should deny the Motion to Dismiss.

10
LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

## CONCLUSION

Based on the foregoing points and authorities, Plaintiff, AHC Ventures, Corp., d/b/a Cryoderm, respectfully requests this Court enter an Order denying the Motion to Dismiss filed by Defendant, Israel Liberow, and granting such other and further relief as this Court deems proper.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone:  954.985.4141
Facsimile:  954.985.4176
Primary Email: alevine@beckerlawyers.com
Secondary Email: ecuellar@beckerlawyers.com


By: __/s/ Allen M. Levine_____
     Allen M Levine
     Florida Bar No. 315419
     Jude C. Cooper
     Florida Bar No. 366160

*CASE NO. 0:23-cv-60073-RAR*
*Memorandum in Opposition to Motion to Dismiss Complaint*

## SERVICE LIST

Israel Liberow
1618 Union Street
Brooklyn, NY  11213
Tel: (917) 478-8899
Email: israelliberow@gmail.com
*Defendant (pro se)*