UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60073-RAR

**AHC VENTURES, INC.**,

    Plaintiff,

v.

**IZAK A. COETZEE**, *et al.*,

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** came before the Court for a hearing on March 9, 2023 to address the removal of this action from state court. [ECF No. 57] ("Hearing"). As explained below, after carefully considering the record, all applicable pleadings, and the arguments of counsel at the Hearing, the Court finds that remand of this action is warranted given the lack of unanimous consent to removal.

## BACKGROUND

Defendant Israel Liberow, who at the time was proceeding *pro se*, filed a Notice of Removal on January 17, 2023. [ECF No. 1] ("Notice"). Defendant Liberow stated in his Notice that "he ha[d] authority from each and every defendant, to declare, that each and every defendant in this case consents to the removal of the action." Notice at 2. Defendant Liberow subsequently stated in his Removal Status Report that "the only other Defendants which are know [sic] to be served are Pear Enterprises, LLC and Eli Roth which have consented to removal . . . ." Removal Status Report, [ECF No. 11] at 2.

Upon reviewing the Notice of Removal, however, the Court found that at least one additional Defendant, Schmuel Barski, had been served with the Fourth Amended Complaint in state court on December 15, 2022. *See* Notice, [ECF No. 1-7] at 83. At the time, Defendant Barski had not made an appearance in this case, had not filed any opposition to Plaintiff's Motion to Remand, and had not filed any written notice of his consent to removal. Additionally, numerous other Defendants appeared in the Notice of Removal. Accordingly, the Court issued a Paperless Order requiring that all Defendants properly served at the time of removal—who had yet to indicate unambiguous consent to removal—file an affidavit memorializing their consent. [ECF No. 39]. Defendants Schmuel Barski and Samtastic LLC filed an affidavit indicating their timely consent to removal. *See* [ECF No. 42-1] at 2.

Upon Defendants Barski and Samtastic LLC's filing, the Court was able to ascertain unambiguous consent to removal from Defendants Barski, Samtastic LLC, Israel Liberow, Pear Enterprises, Eli Roth, and Merch, Inc. Plaintiff AHC Ventures, however, filed a Notice of Compliance on March 2, 2023, memorializing the Returns of Service it had received from other Defendants prior to the removal of this action. Notice of Compliance, [ECF No. 51] at 1–2. Those Defendants included Izak Coetzee, RSBY, and DJ Direct, Inc. *Id.*

Defendant Liberow filed a Response in Opposition to Plaintiff's Notice of Compliance ("Response") arguing that "pursuant to Fed. R. Civ. P. 5(a)(2), Plaintiff was required to serve the Third Amended Complaint and Fourth Amended Complaint upon Coetzee." Resp., [ECF No. 47] at 2. Moreover, Defendant Liberow argued that RSBY and DJ Direct, Inc. were improperly served under applicable New York law. *Id.* at 3. Thus, the issue here is whether Defendants Coetzee, RSBY, and DJ Direct, Inc. were properly served in this action, and if so, whether they timely consented to removal of this action.

## **LEGAL STANDARD**

All defendants must join a removal petition for removal to be proper within the meaning of 28 U.S.C. § 1447(c). *See In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1359 (S.D. Fla. 2000); *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983). This is referred to as the "rule of unanimity." *Id.* "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

A removing defendant bears the burden of demonstrating the unanimous consent to removal of all defendants that have been served at the time of removal. *See Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000). "A lack of unanimous consent to removal is a defect in the removal process," and will result in remand of the action back to state court. *See Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1198 (11th Cir. 2019) (citing *Hernandez v. Seminole County*, 334 F.3d 1233, 1237 (11th Cir. 2003)). "Removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citation omitted); *see also Russell Corp.*, 264 F.3d at 1050 (explaining that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

"Beginning with the United States Supreme Court's decision in *Chicago Rock Island & Pacific Railway Company et al. v. Martin*, 178 U.S. at 245, 248 (1900), federal courts have universally required unanimity of consent in removal cases involving multiple defendants." *Russell Corp.*, 264 F.3d at 1050. "There are several . . . bright line limitations on federal removal

jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair," but these limitations "are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." *Id.*

## ANALYSIS

Defendant Coetzee was served with the Second Amended Complaint on June 15, 2021. *See* Notice of Removal [ECF No. 1–4] at 63. Plaintiff apparently complied with the relevant requirements for serving an individual located in South Africa and averred in its Amended Motion for Clerk's Default that Defendant Coetzee was properly served. *See id.* at 57–65. When Coetzee failed to respond to the Second Amended Complaint, Plaintiff obtained a default against Coetzee on October 15, 2021. *Id.* at 62. Defendants Liberow, Pear Enterprises, Merch, Inc., Schmuel Barski, Samtastic LLC, and Eli Roth ("Consenting Defendants") do not dispute that Coetzee was properly served with the Second Amended Complaint ("SAC"). The question for purposes of determining the procedural soundness of removal here, therefore, is whether Plaintiff was required to also serve the Third Amended Complaint ("TAC") and Fourth Amended Complaint ("FAC") on Defendant Coetzee for service to be proper—thereby requiring his consent to satisfy the rule of unanimity.

The Consenting Defendants in their filings and during the Hearing argued that the TAC and FAC "contained new material allegations against Coetzee," and Plaintiff did not "serve the TAC or FAC upon Coetzee" as required by Fed. R. Civ. P. 5(a)(2). *See* Resp., [ECF No. 47] at 2. Yet, in both of its Unopposed Motions for Leave to File the Third and Fourth Amended Complaints, Plaintiff stated that "no new allegations are included . . . against Coetzee." *See* Notice of Removal [ECF No. 1–6] at 2, 38. The Court has reviewed the SAC and FAC and does not find

any substantial changes to the claims against Coetzee between the two. *Compare* Notice of Removal [ECF No. 1–4] at 16–20 *with* Notice of Removal [ECF No. 1–7] at 41–15.

Rule 5(a) states that service on a defendant in default is not required unless the amended pleading asserts new claims for relief against that defendant. *See Progressive Express Ins. Co. v. Faura*, No. 18-22116, 2019 WL 10092521, at *2–3 (S.D. Fla. Feb. 4, 2019) (entering default judgment and concluding that the filing of the second amended complaint did not impact prior entry of clerk's default, regardless of service, because second amended complaint did not contain substantial changes as to that party); *Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-CV-700, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011) (where changes made in an amended complaint are not substantial, "the requirement of Rule 5(a)(2) that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."). The changes made between the SAC, TAC, and FAC were not substantial as they related to Coetzee, and therefore Plaintiff was not required to serve Coetzee with copies of the TAC and FAC.

A removing defendant bears the burden of demonstrating the unanimous consent to removal of all defendants that have been served at the time of removal. Here, the record before the Court does not indicate that Coetzee was improperly served with the SAC. And upon comparing the different iterations of the state court complaint, it is clear that Coetzee did not need to be served with either the TAC or FAC under Fed. R. Civ. P. 5(a)(2). Consequently, Coetzee's consent was required under the bright line rule of unanimity. The Court need not delve into the arguments over whether Defendants RSBY and DJ Direct, Inc. were properly served under New York law, as Coetzee's lack of consent defeats unanimity, and creates a procedural defect requiring remand. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.  The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  The Clerk is further instructed to **CLOSE** this case.  Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**